Filed 8/7/23  P. v. Woodson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097866 |
| Plaintiff and Respondent, | (Super. Ct. No. CM009513) |
| v. | |
| DEMETRIUS PATRICK WOODSON, | |
| Defendant and Appellant. | |

Defendant Demetrius Patrick Woodson appeals from a postconviction resentencing order under Penal Code former section 1171.1 (now section 1172.75).[1] Appointed counsel for defendant asked this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  We have exercised our discretion to conduct such a review

---

[1] Undesignated section references are to the Penal Code.

1

and will affirm the trial court's order. (See, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232 (*Delgadillo*).)

BACKGROUND

In 1997, a jury found defendant guilty of one count each of first degree burglary (§ 459), possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)), and receiving stolen property. (§ 496, subd. (a).) The trial court found true two prior serious felony enhancement allegations (§ 667, subd. (a)) and four prior prison term enhancement allegations. (§ 667.5, subd. (b).) (*People v. Woodson* (June 21, 2021, C079633) [nonpub. opn.].) The prosecution later dismissed the possession of a controlled substance count.

Defendant filed a petition for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act (enacted by the electorate Nov. 4, 2014). (*People v. Woodson, supra*, C079633.) The trial court denied the petition. On appeal, this court struck as unauthorized two of four prior prison term enhancements and affirmed the denial without prejudice so that defendant could file another petition. (*Ibid.*)

In 2022, after a review of its records, the trial court set defendant's case for resentencing under former section 1171.1. The prosecution conceded the two remaining prior prison term enhancements should be stricken, but argued the court should not strike the prior serious felony enhancements. Defendant did not submit any briefing or documents in support of resentencing. The court entertained argument from the parties and defendant made a statement about his rehabilitative efforts in prison. The court noted the original sentencing court had denied defendant's *Romero*[2] motion and declined to revisit that ruling, saying it was not in the interest of justice to strike the prior strike.

The trial court struck the two prior prison term enhancements, saying they were now legally invalid. The court reimposed a 25-year-to-life sentence on the burglary

---

[2]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

2

count and a second 25-year-to-life sentence on the receiving stolen property count, which it stayed under section 654. The court reviewed the amendments to section 1385, noting the number of enhancements and the overall length of the sentence weighed greatly in favor of striking the two prior serious felony enhancements because both prior felonies were dated and would result in a sentence of over 20 years. The court also recalculated defendant's custody credits. Defendant filed a timely notice of appeal.

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have passed and defendant has not filed a supplemental brief.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo*, at p. 221.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6, it explicitly declined to apply its holding to other postconviction motions. (*Delgadillo*, at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"].) As such, we will exercise our discretion to conduct an independent review of defendant's case for any arguable issues.

3

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

      KRAUSE     , J.

We concur:

  RENNER    , Acting P. J.

  BOULWARE EURIE , J.